# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| PAUL HULL, III, | Case No. 3:18-cv-00196 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| DIVERSIFIED CONSULTANTS, INC., | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Paul Hull, III ("Paul"), is a natural person who resided in Fairborn, Ohio, at all times relevant to this action.

2. Defendant, Diversified Consultants, Inc. ("DCI"), is a Florida corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Paul's claims under the Ohio Consumer Sales Practices Act, R.C. § 1345.02 (A) ("OCSPA") because they share a common nucleus of operative fact with Paul's claims under the FDCPA.

1

5.   Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Paul's claims under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55, *et seq.*, because those claims share a common nucleus of operative facts with Paul's claims under the FDCPA.  S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions'" applicable to the debt collector).

6.   Paul is permitted to bring an FCCPA action against DCI in this Court because the FCCPA applies to Florida debt collectors, even when they are communicating with a non-Florida resident in connection with the collection of a debt.  *See Bank of Am., N.A.*, 2016 WL 2897410, *11 (S.D. Fla. May 18, 2016); *citing Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen.*, 761 So.2d 1256 (Fla. Dist. Ct. App. 3d 2000); *see also Mlynek v. Household Fin. Corp.*, 2000 WL 1310666, *4-5 (N.D. Ill. Sep. 13, 2000) (allowing Illinois resident to bring FCCPA action).

7.   Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

8.   At all times relevant to this action, DCI collected consumer debts.

9.   DCI regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10.  The principal source of DCI's revenue is debt collection.

11.  DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.  As described, *infra*, DCI contacted Paul to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Paul is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Around January 2018, DCI began calling Paul on his cellular phone ending in -9683 in connection with the collection of a debt.

16. During the initial conversation, Paul advised DCI he was at work.

17. Additionally, Paul notified DCI he was not allowed to take calls while at work.

18. Despite this communication, DCI continued to call Paul on his cellular phone ending in -9683 in connection with the collection of a debt while Paul was at work.

19. On more than one occasion, Paul notified DCI he was not allowed to take calls while at work.

20. Nevertheless, DCI continued to call Paul on his cellular phone in connection with the collection of a debt during the time Paul was working.

21. On one occasion, Paul said something substantially similar to, "Hey, man; you guys are bothering the heck out of me while I'm working."

22. In response, DCI threatened to take legal action against Paul.

23. DCI has not taken any legal action against Paul.

24. Paul's general manager ("Manager") told Paul that Manager noticed Paul received personal calls during work.

25. Paul feared DCI's continued calls, while Paul was working, would cause Paul to lose his job.

26. DCI's collection efforts, including but not limited to its telephone calls, caused Paul emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Paul re-alleges and incorporates by reference Paragraphs 8 through 26 above as if fully set forth herein.

28. DCI violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Paul re-alleges and incorporates by reference Paragraphs 8 through 26 above as if fully set forth herein.

30. DCI violated 15 U.S.C. § 1692c(a)(3) by calling Paul at Paul's place of employment after DCI knew or had reason to know that such calls were prohibited by Paul's employer.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Paul re-alleges and incorporates by reference Paragraphs 8 through 26 above as if fully set forth herein.

32. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

33. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or

conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

34. The likely effect of DCI's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Paul.

35. DCI violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Paul in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Paul re-alleges and incorporates by reference Paragraphs 8 through 26 above as if fully set forth herein.

37. DCI violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

38. Paul re-alleges and incorporates by reference Paragraphs 8 through 26 above as if fully set forth herein.

39. DCI violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Ohio Consumer Sales Practices Act

40. Paul incorporates each of the preceding allegations as if specifically stated herein.

41. DCI's actions in attempting to collect the alleged debt from Paul as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A)

42. DCI's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§1345.01 and 1435.02 and the substantive rules promulgated under the OCSPA

43. DCI, as an individual and through its agents and employees, knowingly committed the unfair and unconscionable acts and practices described above.

44. DCI violated the OCSPA.

## COUNT SEVEN

### Violation of the Florida Consumer Collection Practices Act

45. Paul re-alleges and incorporates by reference Paragraphs 8 through 26 above as if fully set forth herein.

46. At all times relevant to this action, DCI is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

47. DCI is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

48. Paul is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

49. DCI attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

50. DCI willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Paul with such frequency as can reasonably be expected to harass Paul, or engaging in other conduct which can reasonably be expected to abuse or harass Paul.

51. As a result of the above violations of the FCCPA, DCI is liable to Paul for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

52. Based upon the willful, intentional, knowing, grossly negligent, repetitive and continuous conduct as described herein, Paul is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## JURY DEMAND

53. Paul demands a trial by jury.

## PRAYER FOR RELIEF

54. Paul prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against each and every Defendant for three times the amount of all actual damages suffered, Statutory damages for each violation of the OCSPA and reasonable attorneys fees, witness fees, court costs, and other litigation costs incurred by Plaintiff pursuant to the OCSPA.

    c. Judgment against Defendant for actual damages, statutory damages, costs, reasonable attorney's fees, and punitive damages pursuant to Fla. Stat. §§ 559.77 and 768.72

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: June 4, 2018

By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (Ohio Bar No. 0079315)
Attorney for Plaintiff
HYSLIP & TAYLOR, LLC, LPA
3323 W. Diversey Avenue, Suite 5
Chicago, IL 60647
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com